IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IMARI M. STEGALL,

         Plaintiff,

vs.

Case No. 07-1136-JTM

MICHAEL J. ASTRUE, Commissioner of Social Security,

         Defendant.

MEMORANDUM AND ORDER

Valarie Stegall has applied for Supplemental Security Income for her child, Imari Stegall. Her application was denied by the Administrative Law Judge (ALJ) on November 22, 2006, a decision affirmed by the Appeals Council on March 9, 2007. There are three allegations of error by Stegall: (a) the ALJ erred in not applying a *de minimus standard* at step 2 of the process; (b) the ALJ's decision at step 3 is not supported by substantial evidence; and (c) the ALJ's credibility analysis was erroneous.

Plaintiff-claimant Stegall was born in November of 1997. The present application for benefits was made April 2, 2004. Stegall began attending the Second Grade in September of 2005. She reportedly suffers from Attention-Deficit Hyperactivity Disorder (ADHD), and has been determined to be about one grade behind in most subjects. The detailed facts of the case, which are incorporated

herein, are set forth independently in the ALJ's opinion (Tr. 13-19), and the brief of Stegall (Dkt. No. 9, at 1-7), and set forth seriatim in the argument section of the Commissioner's response (Dkt. No. 13, at 2-10).

The ALJ concluded that Stegall had a severe impairment learning disorder, not otherwise specified (NOS), speech and language delays, and possible ADHD. However, she found that Stegall did not meet any listed impairment. While Stegall had a verbal IQ of 69, she does not have a physical or mental impairment imposing additional and significant limitations of functioning.

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

The plaintiff contends that the ALJ erred in the step 2 determination of whether she suffered from a severe impairment under 20 C.F.R. § 404.1520. Plaintiff notes that her burden at this step is "*de minimus*," *Yuckert v. Bowen*, 109 S.C.t 2287d (1987), requiring only a showing that the impairment has a more than minimal effect of basic work activity. *Morris ex rel. Feth v. Barnhart*, 326 F.Supp.2d 1203 (D.Kan. 2004). She also argues that the ALJ erred at step 3 of the evaluation process, in finding that she did not meet any listed impairment. The ALJ found that, while Stegall had an IQ of 69, she did not meet Listing 112.05D because that listing requires, in addition to an IQ between 60 and 70, some physical or other mental impairment imposing an additional and significant limitation of function. Stegall argues that such additional impairment was present here, in the form of her ADHD and the adjustment disorder.

The court finds that the ALJ properly determined that Stegall had the severe impairments of a learning disorder (NOS), speech and language delays, and possible ADHD. Substantial evidence supports this determination. While plaintiff contends that this was an error, because the evidence showed that she suffered from actual ADHD, she has failed to show that substantial evidence either compelled such an additional conclusion, or it would have rendered any different ultimate result. As the ALJ noted, the examination by Michael Parrish, Ph.D. reported that "[p]roblems with depression were also neither reported nor observed." (Tr. 413). The ALJ proceeded to correctly apply the standards under step 3 (Tr. 14), and carefully considered plaintiff Stegall's functional limitations in the context of 20 C.F.R. § 416.926a. (Tr. 15-17).

In her analysis under step 3, the ALJ appropriately evaluated Stegall and substantial evidence supports the determination that she did not meet any listed impairment. It may be noted first that

only one of Stegall's IQ tests results falls within the threshold 60-70 range of Listing 112.05D, and, at 69, barely within at that. Other IQ scores for Stegall reach as high as 98 (for performance level). More importantly, the ALJ correctly focused on Stegall's level of actual functioning, and substantial evidence supports her determination. Specifically, the evidence generally shows that Stegall's performance at school was good, and her grades satisfactory. (Tr. 307). In the 2005-2006 year, Stegall scored the next highest possible grade (a 3 out of 4) for reading, and 2s for all other subjects – writing, mathematics, social studies, and science. A "2" is defined as "work of satisfactory quality." (Tr. 307).

Stegall's regular education teacher reported Stegall had "No Limitations" as to most functions: "Attending and Completing Tasks," "Interacting & Relating With Others," "Moving about and Manipulating Objects," "Caring for [Her]self," and "Health and Physical Well-Being." She indicated that Stegall was functioning at a reduced level in only one area, "Acquiring and Using Information," and, as to that, indicated that the reduction was not substantial, indicating that the effect was not "Extreme" or even "Marked," but "Less than Marked." (Tr. 207-08). Stegall's special education teacher agreed with this assessment. (Tr. 209-10).

The ALJ carefully reviewed the functional impact of Stegall's limitations on the six areas set forth in 20 C.F.R. § 416.926a. He concluded that Stegall

> has less than marked limitations in her ability to acquire and use information; less than marked limitations in her ability to attend to and complete tasks; no limitations in her ability to interact with and relate to others; no limitations in her ability to move about and manipulate objects; no limitations in h[er] ability to care for herself; and no limitations in her health and physical well-being. As such, the limitations

>associated with her impairments have not been functionally equivalent to any impairment listed in Appendix 1 to Subpart P of the Social Security Administration's Regulations No. 4.

(Tr. 19). The court finds that the ALJ's determination was supported by substantial evidence.

Finally, plaintiff contends that the ALJ erred in her credibility assessment. Plaintiff notes that if a child claimant is unable to adequately describe his symptoms, the ALJ is required to accept the testimony of an adult familiar with the claimant's condition absent specific grounds for concluding the witness is not credible. *See Briggs v. Massanari*, 248 F.3d 1235 (10th Cir. 2001); *Morris ex rel. Feth v. Barnhart*, 326 F.Supp.2d 1203 (D.Kan. 2004).

The court finds that the ALJ did not err in her discounting the credibility of Stegall's mother. The ALJ noted the mother's statements, but found that such testimony was not entitled to significant weight as to Stegall's disability claim, given "the reports submitted by her teachers, the objective findings contained in the report by Dr. Parrish, and the expert medical opinion provided by Dr. Gard." The court finds that this determination was not error in light of the evidence in the record indicating that Stegall's teachers believed she was performing without marked limitations, her grades were satisfactory or better, and the general conclusions by Drs. Parrish and Gard. While plaintiff may now point to some elements in the record which could support a different conclusion, the goal of the court is to not to reweigh the ALJ's credibility determination, but find whether only there is a conspicuous absence of credible evidence to support it. *See Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992). Because substantial evidence supports it, the court does not find the ALJ's credibility assessment erroneous.

IT IS ACCORDINGLY ORDERED this 17th day of September, 2008, that the plaintiff's appeal is hereby denied.

                                          s/ J. Thomas Marten
                                          J. THOMAS MARTEN, JUDGE